## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

PATRICIA M. TAUBER,

        Claimant,

        v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:04-CV-02552-RWS

## **ORDER**

Now before the Court are Claimant's "Complaint Requesting Review of

an Administrative Decision under the Social Security Act" [1-1] and

Defendant's Answer [3].  This matter comes before the Court for consideration

of the Final Report and Recommendation [18] of United States Magistrate Joel

M. Feldman.  Having reviewed the record in this case, the Court adopts both the

"History of the Case" and the "Evaluation of the Evidence" as set out in the

Report and Recommendation [18] in Parts One and Four.

## Background

Claimant filed an application for a period of Disability Insurance Benefits under §§ 216(i) and 223(a) of the Social Security Act on June 11, 1997.  In that application, she alleged she had become unable to work ten years earlier, on June 3, 1987, at age fifty, due to impairments in her back, legs, feet, stomach, hands, bowel and bladder; she was not able to sit or stand for any length of time; and she could not wear dress shoes for any length of time.

Claimant's application was denied initially on October 15, 1997, and on reconsideration on October 20, 1997.  Claimant received a *de novo* hearing before an Administrative Law Judge (ALJ) and, on January 30, 1998, a decision adverse to Claimant was rendered.  As part of that decision, the ALJ found that Claimant "lacked the residual functional capacity [(RFC)] to lift and carry more than 10 pounds frequently and 20 pounds occasionally, and perform activities requiring frequent bending.  She also required a sit/stand option[1]."  (Tr. 20.)

---

[1] The "sit/stand option," as noted in the pre-remand ALJ decision, is essentially the ability to alternate between sitting and standing. A Social Security Ruling governing the consideration of the RFC to perform sedentary work suggests that the ALJ should consider allowing the claimant to "alternate sitting and standing." Social Security Ruling 96-9p. While the "sit/stand option" suggested by Social Security Ruling 96-9p refers to the need to stand after sitting for a period of time, it appears that in Claimant's case the "sit/stand option" refers to a need to sit after standing for a period of time.

AO 72A
(Rev.8/82)

Claimant submitted further medical records to the Appeals Council and requested review. On August 25, 1999, the Appeals Council declined further review and thereby adopted the ALJ's decision as the final decision of the Commissioner.

Claimant appealed the Commissioner's decision and, on November 6, 2000, United States District Judge Marvin H. Shoob adopted the Report and Recommendation of Magistrate Judge Feldman and affirmed the Commissioner's decision. Claimant then appealed to the Eleventh Circuit.

On March 7, 2001, upon a joint Motion for Remand for further administrative proceedings, the Eleventh Circuit panel remanded the case, specifically adopting the parties' basis for remand–namely, to "develop the requirements of [Claimant]'s past relevant work and to hold a new administrative hearing with vocational expert testimony in order to determine what jobs, if any, [were] appropriate for [Claimant]." (Tr. 456-57.) On July 9, 2001, the District Court remanded the case to the Commissioner.

The Appeals Council remanded the case for further proceedings, and at a new hearing on December 21, 2001, the ALJ received testimony from Claimant, her husband, and Dr. John Blakeman who testified as the Agency's vocational

expert.  On July 26, 2002, the ALJ issued a decision denying Disability

Insurance Benefits, finding that Claimant had a RFC to "perform light exertion

level work with occasional restrictions against bending, stooping or crouching"

and that her past relevant work did not require the performance of activities

precluded by her RFC.  (Tr. 451.)[2]  On July 22, 2004, the Appeals Council

---

[2] Specifically the ALJ found:

> 1. The claimant met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security [Act] and was insured for benefits . . . during the period under consideration, but not thereafter.  The claimant has failed to establish that she was under a disability prior to September 30, 1990, her date last insured under Title II of the Social Security Act.
>
> 2. The claimant did not engage in substantial gainful activity during the period under consideration.
>
> 3. The claimant, from June 3, 1987 to [September] 30, 1990, the period under consideration, had impairments of hypothyroidism, B12 deficiency, and degenerative disc disease, considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b).
>
> 4. These medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Suppart P, Regulation No. 4 during the period under consideration.
>
> 5. The undersigned finds the claimant's allegations regarding her limitations during the period under consideration are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant had the residual functional capacity during the period under consideration to perform light

4

denied Claimant's request for further review, and the ALJ's second opinion,

therefore, became the Commissioner's final opinion.  On July 26, 2004,

Claimant appealed the Commissioner's decision to this Court.

## Discussion

### I.      Standard of Review

Under the Social Security Act, "[t]he court shall have power to enter,

upon the pleadings and transcript of the record, a judgment affirming,

modifying, or reversing the decision of the Commissioner of Social Security,

---

> exertion level work with occasional restrictions against bending, stooping or crouching.
>
> 7. The claimant's past relevant work as [a] file clerk, leasing agent/assistant apartment manager, and flower arranger did not require the performance of work-related activities during the period under consideration that were precluded by her residual functional capacity (20 CFR § 404.1565).
>
> 8. The claimant's medically determinable impairments of hypothyroidism, B12 deficiency, and degenerative disc disease from June 3, 1987 to September 30, 1990, the period under consideration, did not prevent the claimant from performing her past relevant work.
>
> 9. The claimant was not under a "disability" as defined in the Social Security Act, at any time from June 3, 1987 to September 30, 1990, the period under consideration in this decision (20 CFR § 404.1520(e)).

(Tr. 451.)

with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Judicial review, however, is limited to determining whether the Commissioner's

findings are supported by substantial evidence in the record and whether the

Commissioner applied the correct legal standards. Moore v. Barnhart, 405 F.3d

1208, 1211 (11th Cir. 2005); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir.

2005). Substantial evidence is "more than a scintilla, but less than a

preponderance," or rather "such relevant evidence as a reasonable person would

accept as adequate to support a conclusion." Hale v. Bowen, 831 F.2d 1007,

1011 (11th Cir. 1987).

 If the Commissioner's decision is supported by substantial evidence, the

Court must affirm it. Dyer, 395 F.3d at 1210; Cranford v. Comm'r of Soc. Sec.,

363 F.3d 1155, 1158-59 (11th Cir. 2004); Ellison v. Barnhart, 355 F.3d 1272,

1275 (11th Cir. 2003). The ALJ has the exclusive power to resolve conflicts in

the evidence. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986);

Arnold v. Heckler, 732 F.2d 881, 884 (11th Cir. 1984). However, the ALJ must

state the weight accorded to each item of evidence and the reason for his or her

conclusion. Hale, 831 F.2d at 1011; Hudson v. Heckler, 755 F.2d 781, 786

(11th Cir. 1985). The court may not re-weigh the evidence or substitute its own

judgment for that of the Commissioner, even if the evidence preponderates against that decision.  <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir. 1990); <u>Baker o/b/o Baker v. Sullivan</u>, 880 F.2d 319, 321 (11th Cir. 1989).

The Court must further be satisfied that the Commissioner's decision is grounded in the proper application of the appropriate legal standards. <u>McRoberts v. Bowen</u>, 841 F.2d 1077, 1080 (11th Cir. 1988); <u>Graham v. Bowen</u>, 790 F.2d 1572, 1575 (11th Cir. 1986).  There is no presumption that the legal standard applied by the Commissioner was valid, or that it was properly applied.  <u>Lamb v. Bowen</u>, 847 F.2d 698, 702 (11th Cir. 1988).  Moreover, the application of a wrong legal standard is grounds for remand.  <u>See</u> <u>Moncrief v. Gardner</u>, 357 F.2d 651 (5th Cir. 1966).[3]

## II      Entitlement to Benefits

A claimant is entitled to receive disability benefits when she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[3] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981, and all Fifth Circuit Unit B decisions after October 1, 1981. See <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc); <u>Stein v. Reynolds Secs., Inc.</u>, 667 F.2d 33, 33 (11th Cir. 1982).

death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In evaluating whether an individual is disabled under § 423(d)(1)(A), the Commissioner must engage in a five-part sequential evaluation[4] as set out in 20 C.F.R. § 404.1520.  Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

Claimant raises three issues in her request for review: (1) that the ALJ did not provide a sufficient "narrative discussion" in the RFC assessment at step four of the five-part test and did not consider a "sit/stand option," (Claimant's Br. [9-1] at 17-24); (2) that the ALJ dismissed Dr. Clark's opinion

---

[4] The five-step sequential evaluation requires consideration of the following:

(1) If the claimant is "doing substantial gainful activity, [the Commissioner] will find that [the claimant is] not disabled."  20 C.F.R. §§ 404.1520(a)(4)(i) & (b) (2006).

(2) If the claimant does not "have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, [the Commissioner] will find that [the claimant is] not disabled."  Id. at §§ 404.1520(a)(4)(ii) & (c).

(3) "If [the claimant has] an impairment(s) that meets or equals one of [the listed disabilities] and meets the duration requirement, [the Commissioner] will find that [the claimant is] disabled."  Id. at §§ 404.1520(a)(4)(iii) & (d).

(4) Considering the Commissioner's assessment of the claimant's RFC, if the claimant "can still do [his or her] past relevant work, [the Commissioner] will find that [the claimant is] not disabled."  Id. at §§ 404.1520(a)(4)(iv) & (e).

(5) Considering the Commissioner's assessment of the claimant's RFC, age, education, and work experience, if the claimant "can make an adjustment to other work, [the Commissioner] will find that [the claimant is] not disabled[,]" otherwise the Commissioner will find the claimant is disabled.  Id. at §§ 404.1520(a)(4)(v), (f) & (g).

without adequately refuting it (id. at 25-29); and (3) that the ALJ failed to address the required regulatory factors in assessing Claimant's credibility or adequately weigh Claimant's testimony (id. at 29-31).  The Magistrate recommended that the decision of the ALJ be affirmed.  (Final Report & Recommendation [18] at 1.)  Claimant makes three specific objections to the Report and Recommendation and, "[i]nstead of repeating the arguments raised in prior briefs, . . . incorporates them by reference[,]" requesting *de novo* review of Claimant's initial brief.  (Claimant's Objections [19] at 9.)

As an initial matter, the Court declines to consider *de novo* all of Claimant's arguments.  A district court judge is empowered, in part to encourage efficiency, to designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations.  28 U.S.C. § 636(b)(1)(B); Mathews v. Weber, 423 U.S. 261, 267-68, 96 S. Ct. 549, 46 L. Ed. 2d 483 (1976); Nettles v. Wainwright, 677 F.2d 404, 406 (5th Cir. 1982).[5] Parties to a dispute upon which a Report and Recommendation has been made

_____

[5] Although the Fifth Circuit has since overruled Nettles, see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), Nettles remains binding precedent in the Eleventh Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision.  Jones v. Sec'y for Dep't of Corr., 131 Fed. Appx. 164, 166 n.3 (11th Cir. 2005).

are invited to file objections to that Report and Recommendation.  28 U.S.C. §

636(b)(1)(B) ("Within ten days after being served with a copy, any party may

serve and file written objections to such proposed findings and

recommendations as provided by rules of court.").  Under this system, when a

party makes a timely and specific objection to a portion of the Report and

Recommendation, the district court is obliged to engage in a *de novo* review of

the issues raised on objection.  Id. ("A judge of the court *shall* make a *de novo*

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.") (emphasis added); United

States v. Raddatz, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980);

Nettles, 677 F.2d at 409.  However, issues upon which no specific objections

are raised do not so require *de novo* review; the district court may therefore

"accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge[,]" applying a clearly erroneous standard.  28

U.S.C. § 636(b)(1); Nettles, 677 F.2d at 409 ("[T]he failure of a party to file

written objections to proposed findings and recommendations in a magistrate's

report . . . shall bar the party from a *de novo* determination by the district judge

of an issue covered in the report."); see Liberty Am. Ins. Group, Inc. v.

10

WestPoint Underwriters, L.L.C., 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001) ("[T]he district court will review those portions of the R & R that are not objected [to] under a clearly erroneous standard."); Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); Lombardo v. United States, 222 F. Supp. 2d 1367, 1369 (S.D. Fla. 2002); Gropp v. United Airlines, Inc., 817 F. Supp. 1558, 1561-62 (M.D. Fla. 1993); Chamblee v. Schweiker, 518 F. Supp. 519, 520 (N.D. Ga. 1981) ("[W]hen [a] party is notified of [the] right to object to the magistrate's report . . . and fails to do so, he or she has waived this right to *de novo* consideration of the issues raised in the case . . . [and] use of a standard of review more closely akin to the rule 52 'clearly erroneous' standard  is appropriate.").  As such, in accord with the intent of 28 U.S.C. § 636, the portions of the Report and Recommendation to which Defendant has made no specific objections will be reviewed to determine whether they are clearly erroneous, that is "if, after viewing all the evidence, [the Court is] 'left with the definite and firm conviction that a mistake has been committed.' "  HGI

AO 72A
(Rev.8/82)

Assocs., Inc. v. Wetmore Printing Co., 427 F.3d 867, 873 (11th Cir. 2005)

(quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525,

92 L. Ed. 746 (1948)).

### A.     Sufficiency of the RFC assessment

Claimant makes two basic arguments concerning the insufficiency of the

ALJ's RFC assessment.  First, Claimant argues that the assessment itself was

deficient for not following the rules set out by the Commissioner requiring a

"narrative discussion" of the RFC assessment.  (Claimant's Br. [9-1] at 17-24.)

Second, Claimant argues that the ALJ committed error by not considering a

"sit/stand option" in the RFC assessment.  (Id. at 24.)  These arguments will be

considered in turn.

> 1.     The RFC assessment was accompanied by an adequate
>         narrative discussion

The RFC assessment is made prior to, and used in, steps four and five of

the five-part evaluation under 20 C.F.R. § 404.1520.  See 20 C.F.R. §

404.1520(e).  The Eleventh Circuit describes the RFC as "an assessment, based

upon all of the relevant evidence, of a claimant's remaining ability to do work

despite his impairments."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir.

12

1997).  The Commissioner, however, clarified the RFC assessment process in

Social Security Ruling 96-8p:

> The RFC assessment must include a narrative
> discussion describing how the evidence supports each
> conclusion, citing specific medical facts (e.g.,
> laboratory findings) and nonmedical evidence (e.g.,
> daily activities, observations).  In assessing RFC, the
> adjudicator must discuss the individual's ability to
> perform sustained work activities in an ordinary work
> setting on a regular and continuing basis (i.e., 8 hours
> a day, for 5 days a week, or an equivalent work
> schedule), and describe the maximum amount of each
> work-related activity the individual can perform based
> on the evidence available in the case record.  The
> adjudicator must also explain how any material
> inconsistencies or ambiguities in the evidence in the
> case record were considered and resolved.

Claimant argued before the Magistrate that the ALJ had failed to provide

the required narrative discussion of Claimant's functional limitations in the

RFC assessment.  (Claimant's Br. [9-1] at 17-24.)  The Magistrate, however,

found that the ALJ properly assessed Claimant's RFC because the ALJ's

decision "contain[ed] a recitation and discussion of the medical evidence of

record, the state agency consultants, and the Claimant's testimony" and "[did]

not make a conclusory, categorical RFC assessment (i.e., the ALJ did not make

a simple, broad statement that the Claimant could perform the full range of light

13

work[).]"  (Final Report & Recommendation [18] at 30.)  Claimant has filed no specific objections to the Magistrate's conclusion on this issue and therefore the Court reviews it for clear error.  The Court finds that the Magistrate's Report and Recommendation concerning the RFC assessment was not clearly erroneous and that the ALJ's RFC assessment was supported by substantial evidence.  Therefore, the Court specifically adopts the recommendation of the Magistrate with regard to the sufficiency of the ALJ's evaluation of Claimant's RFC as found in Part Five (B)(1) of the Magistrate's Report and Recommendation.

2.   <u>The "Sit/Stand option" on remand</u>

In the pre-remand decision from 1998, the ALJ found that Claimant "lacked the residual functional capacity to lift and carry more than 10 pounds frequently and 20 pounds occasionally, and perform activities requiring frequent bending.  She also required a sit/stand option."  (Tr. 20.)  After vacating the previous ALJ decision, the Appeals Council remanded the case to the Office of Hearings and Appeals, stating:

> The Appeals Council agreed to remand in this case
> because further development regarding the demands
> of the claimant's past relevant work is warranted.  The

14

> decision indicates that the claimant can perform a
> range of light work not requiring frequent bending,
> and providing the option to alternate between *sitting
> and standing*.  The decision further indicates that such
> residual functional capacity would not preclude
> performance of the claimant's past relevant work as a
> video store clerk, office clerk, and apartment leasing
> manager, as generally performed in the national
> economy.  *There is no evidence, however, clearly
> indicating that any of those jobs would allow the
> claimant to alternate between sitting and standing.*
> Further consideration is therefore warranted.
>
> On remand, the Administrative Law Judge will further
> develop the record regarding the demands of the
> claimant's past relevant work, and obtain evidence
> from a vocational expert to clarify whether the
> claimant could meet the demands of such work or
> perform other work existing in significant numbers in
> the national economy.

(Tr. 458 (emphasis added).)

In the post-remand ALJ decision, the ALJ found that Claimant had a RFC "to perform light exertion level work with occasional restrictions against bending, stooping or crouching."  (Tr. 451.)  The ALJ did not, however, consider, or even mention, a "sit/stand option" in any portion of the post-remand decision.  Claimant contends that it was error not to follow the remand order from the Appeals Council.  The Court agrees.

15

On remand from the Appeals Council "[t]he administrative law judge *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b) (emphasis added). In the instant case, the remand order noted that "[f]urther consideration" was warranted to determine whether Claimant's former jobs would allow her to "alternate between sitting and standing." The ALJ was specifically tasked with "*further* develop[ing] the record regarding the demands of the claimant[']s past relevant work, and obtain[ing] evidence from a vocational expert to clarify whether the claimant could meet the demands of such work[.]" (Tr. 458 (emphasis added).) While the Appeals Council's statements concerning the insufficiency of the previous ALJ's decision in establishing that Claimant's past relevant work would allow her to alternate between sitting and standing could be construed as simply conveying the pertinent facts, when read in the context of the entirety of the Appeals Council's order remanding for further proceedings, the Court cannot subscribe to this view. The Appeals Council specifically mandated that "further develop[ment]" of the record was required with regard to the demands of Claimant's past relevant work. In light of the Appeals Council's statements that

16

the previous decision was deficient because of its treatment of the "sit/stand option" and that further review was therefore required, this Court construes the Appeals Council's remand order as requiring the consideration of the "sit/stand option," even if that consideration entailed the debunking thereof.  As such, because the "sit/stand option" was not considered or discussed, error has been committed.  20 C.F.R. § 404.977(b);  See Thompson v. Barnhart, 2006 WL 709795, **11-12 (E.D. Pa. March 15, 2006) ("The ALJ has . . . committed legal error by not following the mandate of the court, and by not following the regulations of the Social Security Administration itself which require adherence to the remand orders of the Appeals Council.").

### B.      Evaluation of Dr. Clark's opinion

On March 24, 1997, Dr. Jelunder Clark, Claimant's treating physician at that time, provided Claimant with a medical opinion letter stating, in pertinent part:

> I have had the opportunity to review the records for the treatment [Claimant] received from Charles Johnson, MD.  Having reviewed those records, it is my opinion that she has been disabled from any gainful employment except sedentary work since 1987.  However, since 1976 Ms. Tauber has received treatment for tension headaches, lumbosacral sprain,

17

> and chronic lower back pain.  Since 1979, she has
> received treatment for anxiety and ulcers.  She also
> suffers from depression since 1984.
>
> Ms. Tauber is disabled and has been since 1987.

(Tr. 423.)

The ALJ noted that "he [had] considered the opinion of Dr. Clark that

Claimant [was] disabled, but [found] that Dr. Clark's opinion that Claimant

[was] disabled [was] not controlling" because the "issue of 'disability' is the

ultimate issue which is reserved to the [ALJ]" and "involves vocational as well

as medical issues."  (Tr. 448.)   Claimant argued before the Magistrate that the

ALJ erred by failing to address Dr. Clark's opinion that Claimant was limited to

sedentary work and by not attempting to "recontact Dr. Clark to clarify the

reason for the disability opinion."  (Claimant's Br. [9-1] at 28-29.)  The

Magistrate found that, although the Eleventh Circuit requires that a treating

physician's opinion should be afforded great weight unless good cause exists

for rejecting it, Lewis, 125 F.3d at 1440, "Dr. Clark's opinion has no

evidentiary value" because her opinion was not based on her clinical findings

and treatment of the Claimant, but on her evaluation of another treating

physician's records.  (Final Report & Recommendation [18] at 39.)

18

Claimant objects to this portion of the Report and Recommendation because "the court cannot provide an explanation for the ALJ's decision[; t]he Court can affirm the ALJ only if the reasoning in the decision itself is legally proper and supported by substantial evidence."  (Claimant's Objections [19] at 5 (citing <u>NLRB v. Kentucky River Cmty. Care, Inc.</u>, 532 U.S. 706, 722 n.3, 121 S. Ct. 1861, 149 L. Ed. 2d 939 (2001)).)  The Court will proceed with a *de novo* review of the ALJ's evaluation of Dr. Clark's opinion.

The Social Security Administration's regulations state that if a treating physician gives an opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [Claimants] case record" it will receive "controlling weight."  20 C.F.R. § 404.1527(d)(2).  If a medical opinion is not found to be controlling, the agency will still apply a set of factors to determine the weight it should receive and the agency "will always give good reasons in [its] notice of determination or decision for the weight [it gave to Claimant's] treating source's opinion."  <u>Id.</u>  The factors to be considered for both examining and non-examining physicians, <u>see id.</u> at § 404.1527(f), as listed in the regulation are: (1) the length of treatment; (2) the nature and extent of the

treatment; (3) the extent of evidence presented by the physician to support the

opinion; (4) the consistency of the opinion with the record as a whole; (5)

whether the physician is a specialist; and (6) any other factors brought to the

agency's attention that would either support or contradict the opinion.  Id. at §

404.1527(d).  Although 20 C.F.R. § 404.1527(e) indicates that opinions as to

certain issues which are "dispositive of a case," such as whether a claimant is

disabled under the Act or whether a claimant maintains a specific RFC, are not

"medical opinions" to which "special significance" will be attached, "opinions

from any medical source about issues reserved to the Commissioner must never

be ignored, and . . . the notice of the determination or decision *must explain* the

consideration given to the treating source's opinion(s)."  Social Security Ruling

96-5p (emphasis added).[6]  Opinions about both an individual's RFC and

whether that individual is disabled are "opinions of medical sources reserved to

---

[6] Social Security Rulings are published "under the authority of the Commissioner of Social Security.  They are binding on all components of the Social Security Administration.  These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the agency has] adopted."  20 C.F.R. § 402.35(b)(1); see Boone v. Barnhart, 353 F.3d 203, 210 n.16 (3d Cir. 2003); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 550 n.1 (6th Cir. 2004); see also Sullivan v. Zebley, 493 U.S. 521, 531 n.9, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) ("Social Security Rulings are agency rulings published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.") (internal quotations omitted).

the Commissioner" to which "the adjudicator must apply the applicable factors in 20 C.F.R. [§] 404.1527(d)[.]" Id.

In the instant case, Dr. Clark, a physician at Kaiser Permanente, where Claimant sought medical treatment, provided an opinion, in the form of a letter, stating that Claimant was "disabled from any gainful employment except sedentary work since 1987" and that Claimant "[was] disabled and [had] been since 1987."[7]  The ALJ correctly determined that Dr. Clark's opinion about Claimant's ultimate disability was not "controlling," as the "ultimate issue" of disability is an "opinion[] on [an] issue[] reserved to the Commissioner."  20 C.F.R. § 404.1527(e).  Notwithstanding the apparent correctness of that determination, the ALJ was also required by Social Security Ruling 96-5p, which is binding on the ALJ, to specifically consider and discuss the factors listed in 20 C.F.R. § 404.1527(d) as to Dr. Clark's opinions on both Claimant's RFC and disability status.  As such, it was error for the ALJ to dismiss Dr. Clark's opinions without consideration and discussion of the regulatory factors.

---

[7] The Court views this, albeit short and seemingly conclusive, letter as providing two separate opinions: (1) that Claimant was unable to perform all but sedentary work since 1987; and (2) that Claimant was disabled since 1987.  The first opinion is an RFC assessment and the second opinion is a disability assessment.

Moreover, under Eleventh Circuit jurisprudence, when examining the objective medical record, a treating physician's opinion should be afforded great weight unless good cause exists for not doing so.  Lewis, 125 F.3d at 1440 (citing MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985)).  "Good cause" exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing Lewis, 125 F.3d at 1440).  Further, the ALJ must clearly articulate his or her reasons when electing to disregard the opinion of a treating physician and the failure to do so constitutes reversible error.  Id. at 1241 (citing Lewis, 125 F.3d at 1440); Lewis, 125 F.3d at 1440; James v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).

Here, even assuming that the ALJ has adequately dismissed the opinion of Dr. Clark as to whether Claimant was "disabled," Dr. Clark's opinion that Claimant was limited to sedentary work was not addressed.  On the record before it, the Court cannot discern what weight, if any, was attributed to Dr.

Clark's RFC opinion and, as such, cannot assess whether the ALJ had "good cause" in not considering that opinion.

Without question, the Court is reticent to remand a case where, as here, the procedural history is at best confusing and, in all likelihood, the end result was not incorrect.  Although, based on both the brevity of Dr. Clark's opinion and the conclusory nature thereof, the Court would likely conclude that good cause does exist, the reasons for dismissal of a physician's opinion must be clearly articulated.  Because the Court concludes that the ALJ's decision was deficient in dismissing Dr. Clark's opinion under both the relevant caselaw of the Eleventh Circuit requiring "good cause," <u>Lewis</u>, 125 F.3d at 1440, and the relevant administrative regulations and rulings requiring the consideration and discussion of specific factors, 20 C.F.R. § 404.1527(d); Social Security Ruling 96-5p, the ALJ's decision was erroneous.

### C.    Assessment of Claimant's credibility

Claimant contends that, although the ALJ cited the proper standard for a credibility determination, the ALJ both failed to articulate any explicit or adequate reasons for finding that Claimant's pain testimony was not credible and failed to consider the factors set out in 20 CFR § 404.1529.  (Claimant's Br.

[9-1] at 29-30.)  The Magistrate recommended that the ALJ's decision be upheld and Claimant objected thereto.

        1.      <u>The mandatory factors were considered</u>

Social Security Ruling 96-7p states that because "an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone," when assessing a claimant's credibility, the ALJ must consider the factors set forth in 20 C.F.R. § 404.1529 which include:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

24

Social Security Ruling 96-7p.

Upon review of the entirety of the ALJ decision, the Court finds that the ALJ considered the factors from 20 CFR § 404.1529.  The record reveals that the ALJ considered and discussed: (1) that Claimant "watches television, shops at the mall, cooks, mops some, and drives" (Tr. 449); (2) that Claimant experiences pain in her back, neck, lower abdomen, left shoulder, legs, bowels, wrists, hands and feet (id. at 446-49); (3) that bending, sitting, standing, reaching, climbing up and down a stool, and household chores aggravate Claimant's pain (id. at 449); (4) that Claimant has received treatment through Tagamet, antacids, B-12 injections, Motrin, and "Estrogens with Ogen cycling with Provera" (id. at 446-49); (5) that Claimant's pain is alleviated by lying down frequently and sitting down after a few minutes of work (id. at 449); and (6) that repetitive movements aggravate the pain in Claimant's left shoulder (id.).  Although the ALJ did not discuss any non-medication treatments that Claimant received, Claimant points to nothing in the record to indicate that such evidence was before the ALJ.  In any event, the failure to discuss this single factor was not fatal.  In sum, the ALJ considered the factors set forth in Social

AO 72A
(Rev.8/82)

Security Ruling 96-7p and 20 CFR § 404.1529 and, as such, the Court finds no

error with that portion of the ALJ's determination.

> 2. The ALJ's determination of Claimant's testimony was
> inadequate

The ALJ is bound to consider the "subjective evidence of pain and

disability as testified to by the claimant and corroborated by other observers,

including family members." Bloodsworth v. Heckler, 703 F.2d 1233, 1240

(11th Cir. 1983). If the ALJ decides not to credit a claimant's testimony as to

pain, the ALJ must articulate explicit and adequate reasons for doing so.

Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Hale, 831 F.2d at 1011;

MacGregor, 786 F.2d at 1054. In making a credibility assessment, the ALJ

must "consider the entire case record and give specific reasons for the weight

given to the individual's statements." Social Security Ruling 96-7p. The

reasons for making the credibility finding "must be grounded in the evidence

and articulated in the determination or decision." Id. Moreover, "[i]t is not

sufficient to make a conclusory statement that 'the individual's allegations have

been considered' or that 'the allegations are (or are not) credible.' It is also not

enough for the adjudicator simply to recite the factors that are described in the

AO 72A
(Rev.8/82)

regulations for evaluating symptoms." Id.  The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id.

In the instant case, the ALJ found that the claimant had testified that (1) she had left her job as a video clerk because she could not be on her feet or bend and experienced pain from such activities; (2) she had back and knee problems, as well as problems with her feet; (3) "she could stand for one hour, but could not stand in one position"; (4) she had problems "getting up and down from a stool"; (5) she had problems with her left arm, for which she had received treatment; and (6) repetitive arm movements bothered her left shoulder.  (Tr. 449.)  The ALJ further found that Claimant had "good days and bad days," but that she "had no problems doing the mental part of her work," and that she "never quit a job due to problems with her hands." (Id.)  The ALJ also noted the testimony of Claimant's husband that (1) he has seen Claimant lying down at work; (2) Claimant can vacuum for a few minutes but then has to sit down; (3) he sometimes is forced to wash the dishes because Claimant cannot stand for a

long enough period; (4) when Claimant worked for the video store she could

not stand or sit for any length of time; and (5) because of Claimant's pain she is

"grouchy" and doesn't accept criticism very well.  (Id.)  The ALJ then correctly

stated the requirements for making a credibility assessment, even citing to

Social Security Ruling 96-7p.  (Id.)  In this regard, the ALJ stated:

> In making this assessment, the undersigned must
> consider all symptoms, including pain, and the extent
> to which these symptoms can reasonably be accepted
> as consistent with the objective medical evidence and
> other evidence based on the requirements of 20 C.F.R.
> § 404.1529, and Social Security Ruling 96-7p.  The
> undersigned must also consider any medical opinions,
> which are statements from acceptable medical
> sources, which reflect judgments about the nature and
> severity of the impairments and resulting limitations
> (20 C.F.R. § 404.1527 and Social Security Rulings
> 96-2p and 96-6p).

(Id.)

The ALJ's credibility finding, as to Claimant's testimony, was limited to

stating that:

> The claimant has impairments that are reasonably
> expected to produce some degree of limitation, but her
> complaints suggest a greater severity of impairment
> than can be shown by the objective medical evidence
> alone.  Based on all of the evidence, the undersigned
> finds that the claimant's subjective allegations are

28

> credible to the extent that she can perform no more
> tha[n] light exertion level work restricted against
> bending, stooping or crouching. . . . The undersigned
> notes that the claimant testified that she watches
> television, shops at the mall, cooks, mops some, and
> drives a car, which are activities that are consistent
> with the assessed RFC for light exertional work.

(Tr. 449-50.)

The Court concludes that the ALJ's credibility determination, with regard to Claimant's subjective pain testimony, is deficient for failing to articulate explicit and adequate reasons for the weight given to Claimant's statements and the reason for that weight.  In assessing Claimant's credibility, the ALJ stated that Claimant's subjective pain statements "suggest a greater severity of impairment than can be shown by the objective medical evidence alone."  While it is apparent that the ALJ perceives a conflict between Claimant's testimony and the objective medical evidence, that conflict is not explained.  In order to examine whether the ALJ's decision to discredit Claimant's testimony is supported by substantial evidence, as this Court is tasked to do, the ALJ must, at least, provide a record that indicates what the conflict is and how that conflict affected his credibility determination.  Simply stating that the subjective complaints of pain "suggest a greater severity of impairment than can be shown

AO 72A
(Rev.8/82)

by the objective medical evidence" does not adequately apprise the Court, or the Claimant, of the weight with which the ALJ viewed Claimant's testimony or, more importantly, why such a determination was made.  As such, the ALJ's credibility assessment does not articulate the explicit and adequate reasons required by the Eleventh Circuit, see Foote v. Chater. 67 F.3d 1553, 1562 (11th Cir. 1995) ("Explicit credibility findings are 'necessary and crucial where subjective pain is an issue' ") (quoting Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982)); Walker, 826 F.2d at 1004, and Social Security Ruling 96-7p. The Court, therefore, concludes that the ALJ's credibility assessment of Claimant's subjective pain testimony was erroneous.

## Conclusion

For the reasons set forth above, Claimant's Objections to the Magistrate's Report and Recommendation [19] are **AFFIRMED IN PART and OVERRULED IN PART**; the Magistrate's Report and Recommendation [18] is **ADOPTED IN PART and REJECTED IN PART**.  Pursuant to 42 U.S.C. § 405(g) his matter is hereby **REMANDED** to the Commissioner for further proceedings not inconsistent with this Order.

30

**SO ORDERED** this  31st  day of March, 2006.

/s/ Richard W. Story                           
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)